■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSALIE DEAN, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered June 27, 1975, upon a verdict convicting defendant of the crime of assault in the second degree and sentencing her to an indeterminate term of not more than three years. Upon the present record, it is clearly established that on April 1, 1975 at about 4:00 A.M. defendant assaulted one Carol Atkins by pulling her down to the ground, sitting on top of her and beating her with her fists. Although defendant testified that she did not know how long she beat on her in this manner, the victim estimated that defendant was on her for almost an hour hitting her and jumping on her stomach. The record further demonstrates that as a result of such beating, one of the victim's eyes was completely shut, the other almost shut, her whole face was swollen, dark and bruised, her forehead was red and she had difficulty speaking. She suffered a broken nose and was hospitalized from April 1 through April 6. She was readmitted on April 13 at which time her lower right extremity was swollen and painful due to a blood clot in the abdominal cavity. She was thereafter discharged on April 21. Defendant was found guilty of assault, second degree, as charged in the indictment. On this appeal defendant contends that the court's charge was inadequate in that it did not sufficiently connect the evidence with the law and the jurors were not sufficiently instructed as to the People's burden of disproving justification. The Trial Judge charged the jury with the elements of assault, second, and those of assault, third. He also explained the statutory definitions of "physical injury", "serious physical injury", "intentionally" and "justification". He instructed the jury that the prosecution was required to prove defendant's guilt beyond a reasonable doubt, and immediately after defining "justification", the court charged that the prosecution must prove defendant's acts were not justified. The charge included defendant's contention that her act in striking the complaining witness was justified in self-defense.

In our view, under the circumstances, the defendant's challenge to the sufficiency of the charge is unfounded. It is significant that there was no objection or exception to the charge and no request was made for further instructions. We have carefully considered the entire record and find no substantial error so prejudicial as to warrant reversal. Furthermore, the proof of defendant's guilt is overwhelming *(People v Crimmins,* 36 NY2d 230). Defendant's objection to the admission of testimony concerning the victim's blood clot is without merit since there was no objection to this testimony and the issue was, therefore, not preserved for appellate review. The prosecution's summation was not without the range of fair comment. Nor is there any merit to defendant's assertion that she did not receive adequate representation by her retained counsel. There is no basis for defendant's contention that the sentence was excessive. Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.